IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN HARVEY MCDOWELL, | |
| Plaintiff, | 4:24CV3043 |
| vs. | |
| NEBRASKA STATE FIRE MARSHALS OFFICE, Official capacity; | ORDER |
| Defendant. | |

This matter is before the Court after review of the docket.

Plaintiff filed a Complaint (Filing No. 1) against the Nebraska State Fire Marshal's Office on February 26, 2024, alleging he lost his business, The Broken Wheel Saloon, due to a fire, and that Defendant's employees withheld evidence of arson in his civil suit against his insurance company for non-payment. Plaintiff asserts he has brought this action under 42 U.S.C. § 1983 for violation of his due process and equal protection rights. Plaintiff alleges the events giving rise to his claim occurred on June 12, 1977, and on August 15, 1978. (Filing No. 1).

Plaintiff requested one summons form for "Nebraska State Fire Marshal Office, 246 South 14th Street, Suit 1, Lincoln, NE." (Filing No. 3). On March 18, 2024, Plaintiff filed a Proof of Service purporting to show the defendant was served. Plaintiff attached a certified mail receipt signed by Rhonda Jackson on March 11, 2024, at the address for the Nebraska State Fire Marshal Office contained in the summons. (Filing No. 4).

However, the Nebraska State Fire Marshal Office is a state agency. See Neb. Rev. Stat. § 81-8,210 ("State agency includes all departments, agencies, boards, bureaus, and commissions of the State of Nebraska and corporations the primary function of which is to act as, and while acting as, instrumentalities or agencies of the State of Nebraska[.]"). A state government must be served by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Nebraska state law, "The State of Nebraska, [and] any state agency as defined in section 81-8,210 . . . may be served by leaving

the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02.

Because Plaintiff is suing a state agency but did not request summons for nor serve the Attorney General, Plaintiff has not properly served the defendant. See Neb. Rev. Stat. § 25-510.02. Although Plaintiff is proceeding pro se, he must nevertheless comply with local rules, applicable statutes, court orders, and the Federal Rules of Civil Procedure. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Properly effected service of process is a fundamental element to any lawsuit. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. On the Court's own motion, it will provide Plaintiff a brief extension of time to June 3, 2024, to properly serve the defendant under state law. Accordingly,

**IT IS ORDERED:** Plaintiff is granted an extension of time until **June 3, 2024**, to complete proper service of process upon the defendant. The failure to timely comply with this order may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 4(m) without further notice.

Dated this 15th day of April, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge